# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON SHAWN JACKSON, ) | |
| ) | Civil Action No. 08 - 1674 |
| Petitioner, ) | |
| ) | District Judge Joy Flowers Conti |
| v. ) | |
| ) | |
| DAVID VERANO; THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| PENNSYLVANIA; THE DISTRICT ) | |
| ATTORNEY OF THE COUNTY OF ) | |
| ALLEGHENY, ) | |
| ) | |
| Respondents. | |

## MEMORANDUM ORDER

On December 8, 2008, the above captioned case was initiated by the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2254 and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge's report and recommendation filed on June 2, 2010 (doc. no. 23) recommended that the petition for writ of habeas corpus be denied and that a certificate of appealability be denied. On June 14, 2010, petitioner filed objections to the report and recommendation (doc. no. 24). In his objections, petitioner takes issue with the findings of fact made by the state courts. A federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e). Petitioner has not set forth any evidence, let alone clear and convincing evidence, to overcome the state courts' findings of facts. Moreover, contrary to petitioner's assertion, the record

shows that the trial court gave a limiting instruction to the jury with respect to the evidence of his prior bad acts. The state trial court instructed the jury as follows:

> THE COURT: All right.
> Ladies and gentlemen, I have for you what we call a cautionary instruction. It goes as follows.
> You will hear evidence tending to prove that the Defendant was guilty of improper conduct for which he is not on trial. This evidence is before you for a limited purpose. That is for the purpose of tending to show state of mind, knowledge, intent, motive, absence of mistake or accident.
> This evidence must not be considered by you in any way other that for the purpose I have just stated. You must not regard this evidence as showing that the Defendant is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

(Transcript of Trial at 35.)

> You have heard evidence tending to prove that the Defendant was guilty of improper conduct for which he is not on trial. This evidence is before you for a limited purpose. That is for the purpose of tending to show state of mind, knowledge, intent, motive, absence of mistake or accident.
> This evidence must not be considered by you in any way other than for the purpose I just stated. You must not regard this evidence as showing that the Defendant is a person of bad character or criminal tendencies from which you may be inclined to infer guilt.
> If you find the Defendant guilty, it must be because you are convinced by the evidence that he has committed the crimes charged, not because you believe he is wicked or has committed other improper conduct.

(Transcript of Trial at 582-84.)

The evidence of prior bad acts was properly admitted by the trial court. In short, none of petitioner's objections undermine the recommendation of the magistrate judge.

After *de novo* review of the submissions in the case, together with the report and recommendation, and the objections thereto, the following order is entered:

**AND NOW**, this 9th day of July, 2010;

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the report and recommendation (doc. no. 23) is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Cameron Shawn Jackson
GA6318
SCI Smithfield
PO Box 999
1120 Pike Street
Huntingdon, PA 16652